## WAY v. McCLARIN.

(Circuit Court of Appeals, Third Circuit. May 9, 1899.)

### No. 25.

1. PATENTS—INVENTION.

Where a manufacturer of sweaters undertook to devise a substitute therefor, for use in bicycle riding, which should be free from the disadvantages of increased clothing over the shoulders, neck, arms, and trunk, *held*, that there was no invention, but merely the exercise of skill in the art, in devising a chest and neck protector, consisting of a collar fastening at the back, with a flap depending in front, and united to the lower edge of the collar for a portion only of the width of the flap.

2. SAME—CHEST PROTECTORS.

The Way patent, No. 593,954, for chest and neck protectors, is void for want of patentable invention.

91 Fed. 663, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Joseph C. Fraley, for appellant.
E. H. Hunter, for appellee.

Before ACHESON, Circuit Judge, and BRADFORD and BUF-FINGTON, District Judges.

BUFFINGTON, District Judge. In the court below John Howard Way, the appellant, filed a bill against George D. McClarin, charging infringement of the first and third claims of letters patent No. 593,954, granted to said Way on November 16, 1897, for a chest and neck protector. The court below was of opinion the patented device lacked patentability, and entered a decree dismissing the bill. 91 Fed. 663. The entry of such decree is here assigned for error.

Of such alleged error the appellant has not convinced us. Conceding the protector of the appellant was in itself novel, and also proved useful, yet to warrant the grant of a patent monopoly thereof, it must also involve invention. Does the device in question meet this requirement? It is to be observed that the idea of a combined neck and chest protector was not original with Way. What he did was to add a new member to a general class. Moreover, his protector was not the result of experiment, the final step which overcame recognized difficulties or filled a known want. There had been no especial, if, indeed, any, call whatever for such an article. The fact is that Mr. Way was a manufacturer of knitted goods, he found his sales of sweaters were diminishing, and he sought for some article to supply their place. The idea occurred to him of making a garment, adapted to be knitted, which would form a cheap and efficient substitute for sweaters. The originality was in the idea of appropriating and adapting chest and throat protectors in his line of work, rather than in inventing a device embodying such idea. The mere conception of the original idea at once suggested to him, as one skilled in his calling, the feasibility of, and the means for embodying it in, the device in question. It would seem to us, not only from Mr. Way's testimony, but from the nature of the device, and its relation to the particular industry involved, that if a customer had ordered the appellant, or any other person skilled in knitted work, to make a knitted chest and throat protector, and had given no further directions, there can be little, if any, doubt, that they would have produced in substantial form just what Mr. Way is said to have invented. When once such an article was called for, such a want made known, the ordinary, to be expected ability of one skilled in such line met the demand. The device, then, was the product of the skill, judgment, and adaptability incident to that art, and workers therein, rather than an original step outside the path of natural development. It is the mere adaptation by the art of skill already possessed to the mechanical and technical solution of a new draft on its resources. When existing skill meets such demand, there is no exercise of the higher faculty of original, creative invention. "It is," as was said in Hollister v. Manufacturing Co., 113 U. S. 59, 5 Sup. Ct. 717, "but the display of the expected skill of the calling, and involves only the exercise of the ordinary faculties of reasoning upon the materials supplied by a special knowledge, and the facility of manipulation which results from its habitual and intelligent practice, and is in no sense the creative work of that inventive faculty

96 F.—27

which it is the purpose of the constitution and the patent laws to encourage and reward."

So regarding the decree before us, we are of opinion the decree below was rightly entered.. The appeal is therefore dismissed, at the cost of the appellant.